UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ANDRES GOMEZ, on his own and on behalf
of all other individuals similarly situated,

     Plaintiff,

vs.

GENERAL NUTRITION CORPORATION,


     Defendant.

_____/

**COMPLAINT – CLASS ACTION**

Plaintiff, ANDRES GOMEZ, on his own behalf and on behalf of all others similarly situated, by and through his undersigned counsel, hereby files this Amended Class Action Complaint against Defendant, GENERAL NUTRITION CORPORATION., and states as follows:

**INTRODUCTION**

1.    Plaintiff ANDRES GOMEZ (hereinafter "Plaintiff") is a legally blind person who requires screen-reading software programs to read website content using a computer. Plaintiff uses the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision and others have no vision.

2.      Plaintiff brings this civil rights class action against GENERAL NUTRITION CORPORATION., (hereinafter "GNC" or "Defendant") for its failure to design, construct, maintain, and operate its website, https://www.GNC.com (hereinafter referred to as "GNC.com" or the "Website"), to be fully accessible to and independently usable by Plaintiff and other blind and/or visually-impaired consumers.  Plaintiff alleges on information and belief that Defendant has failed to design, construct, maintain and operate GNC.com to be fully accessible and independently usable by Plaintiff and other blind and visually-impaired consumers because it contains access barriers which prevent blind and visually-impaired people from equally and independently navigating the website and its fundamental functions using screen reading software programs, otherwise known as assistive technology or screen-readers.

3.      Defendant thereby is excluding blind and visually-impaired consumers from equal participation in the actual marketplace, by deterring blind consumers from visiting Defendant's physical locations, and the internet marketplace which plays a significant role for in the global economy and modern lifestyle.

4.      Defendant's denial of full and equal access to its website, and therefore denial of its products and services offered thereby, and in conjunction with its physical locations, is a violation of Plaintiff's rights under the Americans with Disabilities Act (hereinafter "ADA") as well as other blind and visually-impaired consumers' rights under the ADA.

5.      Because Defendant's website, GNC.com, is not fully, equally or independently accessible to blind and visually-impaired consumers in violation of the ADA, this complaint seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's website will become and remain accessible to Plaintiff and the

proposed Class of consumers (the "Class Members") who are blind and visually-impaired.  This complaint also seeks compensatory damages to compensate the Class Members for having been subjected to unlawful discrimination. Such unlawful discrimination is on-going.

## JURISDICTION AND VENUE

6.     This Honorable Court has original jurisdiction under 28 U.S.C. § 1331 and § 343 for Plaintiff's claims arising out of federal law, 42 U.S.C. § 12182 *et seq.*, based on Defendant's violations of Title III of the ADA.  See also 28 U.S.C. §§ 2201, 2202, the 2010 ADA Standards, and 28 C.F.R. § 36.201.

7.     Venue is proper in this District, pursuant to 28 U.S.C.  §1391(b)(2) and S.D. Fla. L.R. 3.1 because Defendant engages in business in this District and a substantial part of the events or omissions giving rise to the claim occurred here.

## PARTIES

### Andres Gomez, Individually

8.     Plaintiff, ANDRES GOMEZ, is *sui juris* and at all times mentioned herein is a resident of Miami-Dade County in the state of Florida and a legally blind individual.  As a result of his legal blindness, Plaintiff is substantially limited in performing major life activities, including but not limited to accurately visualizing his surroundings and traversing obstacles and walking without assistance.  Plaintiff is therefore a member of a protected class of individuals under the ADA, pursuant to 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*

9.     Plaintiff cannot effectively or meaningfully navigate websites on a computer without installing and using a screen reading software program (a "screen reader" "assistive

technology," or "AT") because he cannot see the screen and needs the information contained on the screen to be read audibly to him so that he can understand the information he hears and navigate the website using the keyboard only. Plaintiff uses the keyboard to navigate websites because using a mouse in a purposeful and meaningful manner, requires the ability to see the screen and select what he would like to click on, which Plaintiff is unable to do.

**Other Plaintiffs Similarly Situated Members of Consumers ("Class Members")**

10.     Other plaintiffs, and consumers, similarly situated to Plaintiff ANDRES GOMEZ (the "Class Members" or "similarly disable persons") are qualified individuals with disabilities under, and as defined by, the ADA.

11.     Other plaintiffs and consumers are similarly situated to Plaintiff, and are therefore Class Members, by virtue of the fact that they are blind and/or visually-impaired and require commercially available screen-readers, as described in more detail above, in order to effectively and meaningfully access websites and obtain fundamental information used to visit Defendant's physical retail GNC locations.

12.     Other plaintiffs and consumers, Class Members, are likewise unable to effectively and meaningfully access Defendant's website without the assistance of screen-readers or assistive technology.

13.     Other similarly disabled persons, as Plaintiff, are qualified individuals with disabilities under the ADA.  Other similarly disabled persons have experienced Plaintiff's discrimination based on the fact that they are blind and/or visually-impaired and require the use of various screen readers in order to efficiently and effectively navigate Defendant's website and obtain information and access Defendant's products, services, locations, and various other

information, which should be accessible on the GNC.com website and are offered in connection with Defendant's physical locations.

14.    The access barriers on Defendant's GNC.com website have deterred Plaintiff from visiting GNC's brick-and-mortar retail locations.

15.    It is Plaintiff's belief the violations detailed herein will not be corrected without court intervention, and thus, Plaintiff and the proposed Class Members, who are blind and visually impaired will continue to suffer actual harm, and the violations threaten real and imminent injury in the near future.

16.    Because Defendants' Website is not fully and equally accessible to blind and visually-impaired consumers in violation of the ADA, Plaintiff seeks declaratory and injunctive relief to correct Defendant's corporate policies, practices, and procedures to include measures necessary to ensure compliance with federal to include monitoring of such measures, to update and remove accessibility barriers so that Plaintiff and the proposed Class Members, who are blind and visually-impaired, will be able to equally, independently and privately use Defendant's Website. This action seeks compensatory damages to compensate Class Members for being subjected to unlawful discrimination.

**Defendant**

17.    Defendant, GENERAL NUTRITION CORPORATION. is a corporation, organized under the laws of Florida, with a process of service address at 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.

18.     Defendant is subject to personal jurisdiction in this District. Defendant has been and is committing the acts or omissions alleged herein in the Southern District of Florida that

caused injury, and violated rights prescribed by the ADA, to Plaintiff and to the proposed Class Members who are blind and visually impaired. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Southern District of Florida. Specifically, on several separate occasions, Plaintiff attempted to navigate Defendant's website, GNC.com, using a screen reader to access GNC's information, and the goods and services offered by GNC.com, in conjunction with its physical locations.

19.     Defendant owns and operates retail sales locations (hereinafter "GNC Stores"), which are places of public accommodation. GNC Stores are located in Florida State. These stores provide to the public important goods and services. Defendant also provides the public the GNC.com website that provides consumers with access to an array of goods and services including store locators, inventory descriptions, special offers, and many other benefits related to these goods and services.

20.     Defendant's stores are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7). GNC.com is a service, privilege or advantage of Defendant's stores.

**THE AMERICAN WITH DISABILITIES ACT AND THE INTERNET**

21.     The Internet has become a significant source of information, a portal, and a tool for conducting business, as well as a means for doing everyday activities such as shopping, learning, banking, etc. for sighted, blind and visually-impaired persons alike.

22.     As an essential tool for many Americans, when accessible, the Internet provides individuals with disabilities great independence. Blind persons are able to access websites using keyboards in conjunction with screen access software that vocalizes the visual information found

on a computer screen.  This technology is known as screen-reading software.  Except for legally blind individuals whose residual vision allows them to use magnification, screen-reading software is currently the only method a blind person can fully and independently access the internet.

23.     For screen-reading software to function as designed, the information on a website must be capable of being rendered into meaningful text.  If the website content is not capable of being rendered into meaningful text, the blind or visually-impaired user is unable to access the same content available to sighted users using their keyboards because they are unable to see the screen and thereby meaningfully manipulate a mouse.

24.     Blind and visually-impaired users of Windows computers and devices have several screen-reading software programs available to them.  Job Access With Speech, otherwise known as "JAWS," is currently the most popular, separately purchased screen-reading software program available for Windows.

25.     Unless websites are designed to allow screen-reading software users to navigate Internet content by way of the keyboard, blind and visually-impaired persons are unable to fully, equally and independently access websites, and the information, products, and services contained therein.

26.     The ADA specifically provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation." 42 U.S.C. §12182(a); 28 C.F.R. §36.201(a). The ADA further requires that a public accommodation provide accessible

electronic and information technology as auxiliary aids and services.  See 28 C.F.R. §36.303(a), (b) and (c)(ii). Commercial websites that are not accessible for blind and visually-impaired individuals using screen-readers and keyboards only, violate this basic mandate of the ADA. *See National Federation of the Blind v. Target Corp.*, 452 F. Supp. 2d 946 (N.D. Cal. 2006); *See also* 2012 WL 391911, Statement of Eve Hill, *Senior Counselor to the Assistant Attorney General for the Civil Rights Department of Justice*, United States. Senate. Committee on Health, Education, Labor & Pensions. *Hearing on The Promise of Accessible Technology: Challenges and Opportunities of 2012*. Feb. 7, 2012 (*quoting* "The Department of Justice has long taken the position that both State and local government Websites and the websites of private entities that are public accommodations are covered by the ADA. In other words, the websites of entities covered by both Title II and Title III of the statute are required by law to ensure that their sites are fully accessible to individuals with disabilities.").

27.     The Department of Justice (the "DOJ") has consistently stated its view that the ADA's accessibility requirements apply to websites belonging to private companies. *See, e.g., Applicability of the Americans with Disabilities Act (ADA) to Private Internet Sites: Hearing before the House Subcommittee on the Constitution of the House Committee on the Judiciary*, 106th Cong., 2d Sess. 65-010 (2000) ("It is the opinion of the Department of Justice currently that the accessibility requirements of the Americans with Disabilities Act already apply to private Internet Web sites and services."); *75 Fed. Reg. 43460-01* (July 6, 2010) ("The Department believes that title III reaches the Web sites of entities that provide goods or services that fall within the 12 categories of 'public accommodations,' as defined by the statute and regulations.").   Thus, Defendant is on notice that the ADA's general mandate applies to its

website accessibility. *See Fortyune v. City of Lomita*, 766 F.3d 1098, 1102 (9th Cir. 2014); *Reich v. Mont. Sulphur & Chem. Co.*, 32 F.3d 440, 444–45 (9th Cir. 1994).

## CLASS ACTION ALLEGATIONS

28.     Plaintiff, on behalf of himself and all others similarly situated, seeks certification of the following nationwide class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2):

> "All legally blind individuals in the United States who have attempted to access GNC.com and as a result have been denied access to the enjoyment of goods and services offered by GNC, during the relevant statutory period."

29.     Plaintiff seeks certification of the following Florida subclass pursuant to Fed. R. Civ. P. 23(a), 23(b)(2) and, alternatively, 23(b)(3):

> "All legally blind individuals in Florida State who have attempted to access GNC.com and as a result have been denied access to the enjoyment of goods and services offered by GNC, during the relevant statutory period."

30.     Excluded from the Class are Defendant, any of its officers, directors or employees, the presiding judge, and members of their immediate families.

31.     There are hundreds of thousands blind and visually-impaired persons in Florida State.  There are millions of people in the United States who are blind or visually-impaired. Thus, the Class is so numerous that the individual joinder of all its members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and theron alleges that the Class includes hundreds of members. Given the number of Class

members, the only way to deliver substantial justice to all members of the Class is by means of a single class action.

32.    This case arises out of Defendant's policy and practice of maintaining an inaccessible website denying blind and visually-impaired consumers' access to the goods and services of GNC.com and GNC retail stores.  Due to Defendant's policy and practice of failing to remove access barriers, blind persons have been and are being denied full and equal access to independently browse, select and shop on GNC.com and by extension the goods and services offered through Defendant's website to GNC Stores.

33.    There are common questions of law and fact common to the class, including without limitation, the following:

a.    Whether Defendant operates "places of public accommodation"  as defined by the ADA;

b.    Whether GNC.com is, in and of itself, a "place of public accommodation" as defined by the ADA;

c.    Whether Defendant's Website, if not found to be in and of itself a place of public accommodation, contains a nexus to places of public accommodation operated by Defendant, to subject Defendant's to liability under the ADA; and,

d.    Whether Defendant, through its Website, denies the full, equal and independent enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to consumers who are blind or visually-impaired in violation of the ADA.

34.     Plaintiff's claims are typical of those of the claims of the Class Members. All claims are based on the same legal theories and arise from the same discriminatory conduct.

35.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the members of the class. Class certification of the claims is appropriate pursuant to because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

36.     Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class Members clearly predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

37.     Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

38.     References to Plaintiff shall be deemed to include the named Plaintiff and each Class Member, unless otherwise indicated.

**FACTUAL BACKGROUND**

39.     Defendant offers the commercial website, GNC.com, to the public.  The website offers features which should allow all consumers to locate stores, browse the available inventory

and its included descriptions, learn about the GNC brand, and perform a variety of other functions which are fundamental to the website and intended to connect consumers to and with Defendant's retail store locations.

40.     Based on information and belief, it is Defendant's policy and practice to deny Plaintiff, along with other blind or visually-impaired proposed Class Members, access to Defendant's website, GNC.com, and to therefore specifically deny the goods and services that are offered and integrated with Defendant's Stores.  Due to Defendant's failure and refusal to remove access barriers to GNC.com, Plaintiff and proposed Class Members have been and are still being denied full, equal and independent access to GNC Stores and the numerous goods, services, and benefits offered to the public through GNC.com.

**Defendant's Barriers on GNC.com Deny Plaintiff Access**

41.     Plaintiff, as a blind person, cannot use a computer without the assistance of a screen-reader.  However, Plaintiff is a proficient user of screen-reader technology to access the internet.  Plaintiff has visited GNC.com several times using a screen-reader to try to access information and services GNC offers to the public with its GNC.com website.

42.     During Plaintiff's multiple and separate visits to Defendant's website, Plaintiff encountered several different access barriers which denied Plaintiff full and equal access to the facilities, goods and services offered to the public and made available to the public on Defendant's website. Due to the widespread access barriers Plaintiff encountered on Defendant's website, Plaintiff has been deterred, on a regular basis, from accessing Defendant's website. Similarly, the access barriers Plaintiff encountered on Defendant's website have deterred Plaintiff from visiting Defendant's brick-and-mortar store locations.

43.     While attempting to navigate GNC.com, Plaintiff encountered multiple accessibility barriers for blind or visually-impaired consumers that include, but are not limited to, the following:

    a. The home page has graphics, links, and buttons that are not labeled or are incorrectly labeled, or lack alternative text ("Alt-text"). The lack of alt-text on these graphics prevents screen readers from accurately vocalizing a description of the graphics, which prevents full and equal navigation to a screen-reader user. Specifically, a screen-reader user is not prompted with information related to the offer that was available at the time of Plaintiff's visit which said "Now through Sunday" and "Stock up and Save", instead a screen-reader user is presented with a long string of random characters.   Both of the aforementioned offers were associated with unlabeled graphic images.

    b. In addition, throughout the website there are additional unlabeled graphics and other promotions and coupons in the body of the website, which prevent Plaintiff from taking full advantage of the goods, services, privileges or accommodations offered by and through the website.  For example, the "Shop Now", "In Store Coupon" or "In Store or Online" links are not read by the screen-reader and thus not detectable to the screen-reader user.

    c. When attempting to utilize the store locator function a screen-reader user will only hear that there are franchising opportunities but will not hear options for specific locations.

    d. When attempting to add items to the shopping cart, the screen-reader user is

prevented from doing so.

e.  GNC.com also does not contain a statement committing to complying with the ADA and providing an accessible website to users of screen-readers who are blind and/or visually impaired.

f.  The website also does not allow Plaintiff, a screen-reader user from adjusting the website into a format that is compatible with his screen reader or the ability to change the size or type of font.

44.  Most recently, in 2017, Plaintiff again attempted to access the information, goods, services and/or privileges offered by Defendant on GNC.com.  Specifically, Plaintiff desired to find the location nearest to him, to shop and compare various nutritional supplements and to make online orders depending on what he found on the Website.  Plaintiff again encountered barriers to access on GNC.com with respect to the above-referenced barriers when he attempted to access the information, goods, services and/or privileges offered on the website by Defendant.

45.  Despite past and recent attempts to do business with GNC on its website, the numerous access barriers contained on the website and encountered by Plaintiff, have denied Plaintiff full and equal access to Defendant's Website. Plaintiff, as a result of the barriers on Defendant's website, continues to be deterred on a regular basis from accessing Defendant's Website.  Likewise, based on the numerous access barriers Plaintiff has been impeded from the full and equal enjoyment of information, goods, services and/or privileges offered in Defendant's stores and from making purchases at such physical locations

**Defendant Must Remove Barriers To Its Website**

46.     Due to the inaccessibility of GNC.com, blind and visually-impaired consumers, such as Plaintiff and the proposed Class Members, who need screen-readers to access the internet—cannot, browse, shop, or otherwise access various information, goods, services and/or privileges offered on GNC's website and in connection with Defendants's physical locations.  As a result, Plaintiff is deterred from visiting Defendant's physical locations.

47.     If GNC.com was fully, equally and independently accessible to all, Plaintiff could locate a store, browse inventory and descriptions, learn about the GNC brand and access information related to the goods, services and/or privileges offered on its website and at GNC's physical locations.

48.     Through his many attempts to use Defendant's website, Plaintiff has actual knowledge of the access barriers that make these services inaccessible and independently unusable by blind and visually-impaired people.

49.     There are readily available, well established guidelines, available to Defendant on the Internet, for designing, constructing and maintaining websites to be accessible to blind and visually-impaired persons. Other large business entities have used these guidelines, or have otherwise been able, to make their websites accessible, including but not limited to: adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. In addition, incorporating these basic changes and adding certain elements to Defendant's website accessible would not fundamentally alter the nature of Defendant's business nor would it result in an undue burden to Defendant.

50.     Because maintaining and providing a website where all functions can be performed using a keyboard, would provide full, independent and equal accessible to all

consumers, to GNC.com Plaintiff alleges that Defendant has engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

    a.  Construction and maintenance of a website that are inaccessible to blind and visually-impaired individuals, including Plaintiff and the proposed Class Members;

    b.  Failure to construct and maintain a website that is sufficiently intuitive so as to be fully, equally and independently accessible to blind and visually-impaired individuals, including Plaintiff; and the proposed Class Members, and,

    c.  Failure to take actions to correct these access barriers in the face of substantial harm and discrimination to blind and visually-impaired consumers, such as Plaintiff, and the proposed Class Members.

51.    GNC therefore uses standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others, as alleged herein.

52.    The ADA expressly contemplates the type of injunctive relief that Plaintiff seeks in this action.  In relevant part, the ADA requires:

"In the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities…. Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy. . ."

(42 U.S.C. § 12188(a)(2).)

53.    Because Defendant's website has never been equally accessible, and because Defendant lacks a corporate policy that is reasonably calculated to cause its website to become and remain accessible, Plaintiff invokes the provisions of 42 U.S.C. § 12188(a)(2), and seeks a

permanent injunction requiring Defendant to retain a qualified consultant acceptable to Plaintiff ("Agreed Upon Consultant") to assist Defendant to comply with the ADA by making the website accessible, using guidelines which would allow all functions of the website to be performed using a keyboard.  Plaintiff seeks that this permanent injunction require Defendant to cooperate with the Agreed Upon Consultant to:

    a.    Train Defendant's employees and agents who develop the GNC.com website on accessibility and compliance with the ADA to allow all functions of the website to be accessible to persons using screen-readers using only a keyboard;

    b.    Regularly check the accessibility of Defendant's website to maintain its accessibility as required by the ADA and to allow all functions of the website to be accessible to persons using screen-readers using only a keyboard;

    c.    Regularly test end-user accessibility of the website by blind or visually-impaired screen-reader users to ensure that Defendant's website is accessible to blind and visually-impaired individuals who would access the website with screen-reading technology; and

    d.    Develop an accessibility policy that is clearly disclosed on its website, with contact information for users to report accessibility-related problems and be provided with meaningful resolution after Defendant has investigated and identified the accessibility-related problem that was identified and reported to Defendant.

54.    If GNC.com was fully and equally accessible, Plaintiff and similarly situated blind and visually-impaired people could play games, locate stores, browse the available

inventory and its included descriptions, learn about the GNC brand, and perform a variety of other functions.

55.     Although Defendant may currently have centralized policies regarding the maintenance and operation of its website, Defendant lacks a plan and policy reasonably calculated to make its website fully and equally accessible to, and independently usable by, blind and other visually-impaired consumers.

56.     Without injunctive relief, Plaintiff and other visually-impaired consumers will continue to be unable to independently use the Defendant's website in violation of their rights.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq.*

### [GNC.COM]

57.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

58.     Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.*, provides:

"No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

(42 U.S.C. § 12182(a).)

59.     GNC Stores are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).  GNC.com is a service, privilege, or advantage of GNC Stores. GNC.com is a service that is integrated with these locations.

60.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.  (42 U.S.C. § 12182(b)(1)(A)(i).)

61.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.  (42 U.S.C. § 12182(b)(1)(A)(ii).)

62.     Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

> "[A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

(42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).)

63.     According to 28 C.F.R. §36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. §36.303(b)(2)

specifically states that screen-readers are an effective method of making visually delivered material available to consumers/individuals who are blind or are visually impaired.

64.     Section 28 C.F.R. §36.303(c) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability," 28 C.F.R. §36.303(c)(1)(ii).

65.     Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of a disability by public accommodations and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

66.     Defendant's Website has not been designed to effectively communication, in that, it has not been designed to usable by people who require screen-readers, the accessible format needed for persons who are blind and/or visually-impaired.

67.     The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder.  Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits the major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A).  Furthermore, Plaintiff has been denied full and equal access to GNC.com, has not been provided services which are provided to other patrons who are not disabled, and has been provided services that are inferior to the services

provided to non-disabled persons.  Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct.  These violations are ongoing.

68.     Plaintiff intends to return to Defendant's Website provided Defendant modifies the website to provide equal access to Plaintiff and similarly disabled persons.  But Plaintiff is precluded from doing so by Defendant's failure and refusal to provide disabled persons with full and equal access to its website.

69.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff, requests relief as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests for judgment against Defendants as follows:

A.     A Declaratory Judgment that at the commencement of this action Defendants were in violation of the specific requirements of Title III of the ADA 42 U.S.C. § 12181 *et seq.*, and the relevant implementing regulations of the ADA, for Defendants' failure to take action that was reasonably calculated to ensure that its website is fully accessible to, and independently usable by, blind and visually-impaired individuals;

B.     A preliminary and permanent injunction enjoining Defendants from violating the ADA, 42 U.S.C. § 12181 *et seq.*, with respect to its website GNC.com;

C.     A preliminary and permanent injunction requiring Defendants to evaluate and neutralize their policies, practices and procedures toward persons with

disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the website;

D.    An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or 23(b)(3), appointing Plaintiff as Class Representative, and his attorneys as Class Counsel;

E.    For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, pursuant to 42 U.S.C. § 12188(a)(1);

F.    For compensatory damages including, but not limited to, mental anguish, loss of dignity, and any other intangible injuries suffered by the Plaintiff as a result of Defendant's discrimination;

G.    For pre-judgment interest to the extent permitted by law;

H.    For costs of suit; and

I.    For such other and further relief as this Honorable Court deems just and proper.

Dated this 24th day of July, 2017.

Respectfully submitted,

**The Advocacy Group**
*Attorney for Plaintiff*
333 Las Olas Way, CU3, Suite 311
Fort Lauderdale, FL 33301
Telephone: (954) 282-1858
Service Email: service@advocacypa.com

By */s/ Jessica L. Kerr*
Jessica L. Kerr, Esq.
Fla. Bar No. 92810