**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

ANDRES GOMEZ, on his own and on behalf )
of all others similarly situated )
)
                Plaintiff, )
) **Case No. 1:17-cv-22747-MGC**
       v. )
)
GENERAL NUTRITION CORPORATION, )
)
                Defendant. )
)

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITH INCORPORATED MEMORANDUM OF LAW AND RULE 56(d) MOTION FOR ABATEMENT OR STAY**

[Filed concurrently with a Defendant's Response to Plaintiff's Statement of Material Facts, Affidavit of Joshua Smith, and Rule 56(d) Declaration by Paul Berg]

Defendant, General Nutrition Corporation (hereinafter "GNC"), by and through its undersigned attorney, files this Response in Opposition to Plaintiff's Motion for Summary Judgment and Motion for Abatement or Stay Pursuant to Rule 56(d).

**INTRODUCTION**

On July 25, 2017 Plaintiff, Andres Gomez (hereinafter "Plaintiff") brought this Class Action Lawsuit alleging that GNC's website, www.gnc.com, is not accessible to him as a visually-impaired individual. Plaintiff brought this suit on his own and on behalf of a proposed class of "all legally blind individuals in the United States who have attempted to access GNC.com and as a result have been denied access to the enjoyment of goods and services offered by GNC, during the relevant statutory period." On August 30, 2017, GNC Answered Plaintiff's Class Action Complaint. Pursuant to the Local Rules the Parties filed a Joint

Scheduling Report proposing an agreed pre-trial schedule. The Court on October 23, 2017 entered an Order Setting Pretrial Deadlines as follows:

[October 17, 2017] Initial Disclosures.

[November 30, 2017] Motions to Amend Pleadings or Join Parties.

[February 28, 2018] Exchange of Plaintiff's Expert Witness Summary and Report.

[April 19, 2018] Exchange of Defendant Expert Witness Summary and Report.

[April 30, 2018] Exchange of Rebuttal, Witness Summaries and Reports.

[May 21, 2018] Completion of Discovery (including Expert Discovery).

[June 20, 2018] Plaintiff's Motion for Class Certification.

[(60) days after the Court's Ruling on Plaintiff's Motion for Class Certification] Dispositive Motion.

[(30) days after the Court's Ruling on Dispositive Motion] Pre-Trial Stipulation.

[(60) days before trial] Witness and Exhibit Lists.

On January 8, 2018, almost five months prior to the close of discovery, Plaintiff has filed a Motion for Summary Judgement asking this Court to order Defendant in violation of the ADA to comply with the WCAG 2.0 Guidelines and conform its website to meet those Guidelines. Interestingly, nowhere in Plaintiff's Motion For Summary Judgement does he address that this is a class action suit and that a class has yet to be certified. Defendant has not been given an adequate opportunity to conduct discovery and granting Plaintiff's motion would violate the rule against one-way intervention. Plaintiff's Motion for Summary Judgment is both premature and procedurally improper, it therefore should be denied.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS, AFFIDAVIT OF JOSHUA SMITH, AND RULE 56(D) DECLARATION BY PAUL BERG

Defendant separately filed its S.D. Fla. Loc. R. 56.1(a) Response to Plaintiff's Statement of Material Facts, Affidavit of Joshua Smith, and Rule56(d) Declaration by Paul Berg and incorporates as fully set forth herein.

## LEGAL STANDARD

A party may obtain summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties may support their positions by citation to the record, including inter alia, depositions, documents, affidavits, or declarations. Fed. R. Civ. P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." Miccosukee Tribe of Indians of Fla. v. United States, 516 F.3d 1235, 1243 (11th Cir. 2008). A fact is material if it "might affect the outcome of the suit under the governing law." Id. The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in its favor. See Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006); Howard v. Steris Corp., 550 F. App'x 748, 750 (11th Cir. 2013)("The court must view all evidence most favorably toward the nonmoving party, and all justifiable inferences are to be drawn in the nonmoving party's favor.").

"[T]he court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied." Carlin Commc'n, Inc. v. Southern Bell Tel. & Tel. Co., 802 F.2d 1352, 1356 (11th Cir. 1986); see also Aurich v. Sanchez, 2011 U.S. Dist. LEXIS 134238, 2011 WL 5838233, at *1 (S.D. Fla. Nov. 21, 2011) ("If a reasonable fact finder could draw more than one inference from the facts, and that inference creates an issue of material fact, then the court must not grant summary judgment."). In particular, summary

judgment is inappropriate where the Court would be required to weigh conflicting renditions of material fact or determine witness credibility. See Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993) (noting a court must not weigh conflicting evidence nor make credibility determinations when ruling on a motion for summary judgment); Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) ("It is not the court's role to weigh conflicting evidence or to make credibility determinations; the non-movant's evidence is to be accepted for purposes of summary judgment."); Gary v. Modena, 2006 U.S. App. LEXIS 31640, 2006 WL 3741364, at *16 (11th Cir. Dec. 21, 2006) (Rule 56 precludes summary judgment where court would be required to reconcile conflicting testimony or assess witness credibility); Ramirez v. Nicholas, 2013 U.S. Dist. LEXIS 147379, 2013 WL 5596114, at *4 (S.D. Fla. Oct. 11, 2013)("The Court may not make the credibility determinations needed to resolve this conflict; only the jury may do so.").

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. Shiver v. Chertoff, 549 F.3d 1342, 1343 (11th Cir. 2008). Even where an opposing party neglects to submit any alleged material facts in controversy, the court must still be satisfied that all the evidence on the record supports the uncontroverted material facts that the movant has proposed before granting summary judgment. Reese v. Herbert, 527 F.3d 1253, 1268-69, 1272 (11th Cir. 2008).

## **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IS PREMATURE AND PROCEDURALLY IMPROPER**

### A. **Plaintiff's Motion Is Premature and In Violation of the Courts Scheduling Order**

"Where there has not yet been . . . an 'adequate opportunity for discovery,' summary judgment is simply not appropriate or warranted." Rodriguez v. Target Corp., 2014 U.S. Dist. LEXIS 140312, at *9 (S.D. Fla. Oct. 1, 2014); Ramos v. Goodfellas Brooklyn's Finest Pizzeria, LLC, 2008 U.S. Dist. LEXIS 87368, 2008 WL 4613059, at *2 (S.D. Fla. Oct. 15, 2008); see also

4

Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 859 F.2d 865, 870 (11th Cir. 1988) ("This court has often noted that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery.").

Rule 56 "presumes that a party opposing summary judgment has been afforded an opportunity to conduct sufficient discovery so that it might be able to show that there does exist a genuine issue of material fact." Ventrassist Pty Ltd. v. Heartware, Inc., 377 F. Supp. 2d 1278, 1287 (S.D. Fla. 2005); see also Reyes v. AT & T Mobility Servs. LLC, 759 F. Supp. 2d 1328, 1332 (S.D. Fla. 2010) ("Summary judgment motions are made at the completion of discovery . . . Rule 56 is premised on the assumption a party will have had an 'adequate opportunity to complete discovery prior to consideration of the motion.'" (quoting Jones v. City of Columbus, Ga., 120 F.3d 248, 253 (11th Cir. 1997)). Indeed, the Eleventh Circuit has stated that the common denominator among the Supreme Court's three seminal summary judgment opinions is the Court's caveat that summary judgment may only be decided upon an adequate record. WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988).

Plaintiff's Motion for Summary Judgment is premature and violates the Court's Order Setting Pre-Trial Deadlines. [See ECF Doc. No. 16]. Pursuant to the Court's Order dispositive Motions are not to be filed until after the Court's Ruling on Plaintiff's Motion For Class Certification. Defendant has not been afforded the adequate opportunity for discovery. Further, Pursuant to the Court's Order, Discovery does not close until May 21, 2018.

Additionally, Federal Rule of Civil Procedure 56(d) further provides a shelter against the entry of summary judgment for a non-movant pending additional discovery. "When a summary judgment motion is filed, Federal Rule of Civil Procedure 56(d) allows a district court, before deciding that pending motion, to grant a continuance for additional discovery when the party opposing the motion 'shows by affidavit or declaration that, for specified reasons, it cannot

present facts essential to justify its opposition.'" Wingster v. Head, 318 Fed. Appx. 809, 813 (11th Cir. 2009) (citation omitted). "The decision lies within the sound discretion of the trial judge." Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1295 (N.D. Ga. 2009) (citations omitted); and see Barfield v. Brierton, 883 F.2d 923, 932 (11th Cir. 1989); Wallace v. Brownell Pontiac-GMC Co., Inc., 703 F.2d 525 (11th Cir. 1983).

Discovery is in its early stages. As of the date of Plaintiff's Motion, Defendant has yet to serve written discovery requests on the Plaintiff. No depositions have occurred. Expert witnesses have not been identified or deposed. In support of his motion Plaintiff has filed a Statement of Material Facts and an Affidavit of Andres Gomez. Defendant has not had an adequate opportunity to develop the record to challenge this affidavit. As evidenced in the Declaration by Attorney Paul R. Berg Defendant intends to conduct discovery on the following factual issues:

- Whether Plaintiff, Gomez is a legally blind person.
- Whether the Plaintiff is a member of a protected class of individuals under the ADA.
- Whether Plaintiff requires a screen reading software programs to read website content using a computer.
- Whether the alleged access barriers on GNC's website have deterred Plaintiff from visiting GNC's brick and mortar retail locations.
- What specific screen reading software Plaintiff used to navigate internet content and specifically GNC's website.
- What specific portions of the GNC website Plaintiff was unable to access.
- Whether Plaintiff cannot effectively or meaningfully navigate websites on a computer without installing and using a screen reading software program.
- Whether JAWS provides the only method by which Plaintiff may independently accesses the internet.
- What specific inputs Plaintiff utilized in an attempt to adjust the website into a format that is compatible with a screen reader or the ability to change the size or type of font.
- What changes to the website, if any, are required to make it accessible or to provide reasonable accommodation.
- Whether WCAG 2.0 Guidelines have any application under the facts of this case.

- Whether the Plaintiff is typical of members of the alleged class.
- Whether the Plaintiff's claims are typical of those of the claims of the class members.
- Whether the Plaintiff will fairly and adequately represent and protect the interest of the class members.
- Whether Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation.
- Whether Plaintiff has interests antagonistic to the members of the class.
- Whether questions of fact are common to class members and predominant over questions affecting Plaintiff or individual class members.

Here, GNC is not asking the Court to allow for additional discovery but asking the Court to allow Defendant to complete initial discovery pursuant to the Court's Pre-Trail Order. For these reasons, Plaintiff's Motion for Summary Judgment is premature and therefore should be denied. Alternatively, pursuant to Federal Rule of Civil Procedure 56(d) Defendant moves for an abatement or stay of Plaintiff's Motion For Summary Judgment until such time as it can perform adequate discovery.

**B. Plaintiff's Motion Is Procedurally Improper Due to the Rule Against One-Way Intervention**

Plaintiff's Motion for Summary Judgment is Procedurally Improper because it violates the rule against one-way intervention by seeking adjudication on the merits of their claims prior to a decision on class certification. "'One-way intervention' occurs when the potential members of a class action are allowed to 'await . . . final judgment on the merits in order to determine whether participation in the class would be favorable to their interests.'" London v. Wal-Mart Stores, Inc., 340 F.3d 1246, 1252 (11th Cir. 2003) (quoting Am. Pipe & Constr. Co. v. Utah, 414 U.S. 538, 547, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974)); see also Alhassid v. Bank of Am., N.A., 2015 U.S. Dist. LEXIS 185092, at *4 (S.D. Fla. May 29, 2015) . "The result is that putative class members can simply observe the proceedings without assuming any risk that their individual

7

claims may be precluded by an adverse ruling on the merits." Newton v. S. Wood Piedmont Co., 163 F.R.D. 625, 630 (S.D. Ga. 1995) aff'd, 95 F.3d 59 (11th Cir. 1996). That is, because without class certification, the absent plaintiffs would not be bound by the court's ruling on the merits. "Rule 23(c)(2)'s requirement that, in opt-out class actions, notice be given to all class members as soon as practicable was intended by Congress to prevent one-way intervention." London, 340 F.3d at 1252-53; see also Schwarzschild v. Tse, 69 F.3d 293, 295 (9th Cir. 1995) ("[D]istrict courts generally do not grant summary judgment on the merits of a class action until the class has been properly certified and notified.").

Here, this is the exact kind of case where the risks implicated by of the rule against one-way intervention are apparent. These ADA website claims are being brought by Plaintiffs all over the country both individually and as class actions. There **does** appear to be a large group of potential plaintiffs waiting on the sidelines to see if Plaintiff succeeds on the merits before deciding to participate in this class action or pursue their own rights. See Alhassid v. Bank of Am., 2015 U.S. Dist. LEXIS 185092, at *4 (S.D. Fla. May 29, 2015). "There exists virtues of addressing class certification before there is an adjudication on the merits. It promotes judicial efficiency by postponing merits rulings until such time as all potential parties may be bound by the court's rulings. In addition, it promotes fairness by ensuring that parties bear equally the benefits and burdens of favorable and unfavorable merits rulings." Id. Here, Plaintiff's Motion for Summary Judgment is Procedurally Improper because it violates the rule against one-way intervention rule by seeking adjudication on the merits of their claims prior to a decision on class certification. The Court should deny Plaintiff's motion so it does not violate the rule against one-way intervention.

    **C. Despite Not Having An Adequate Opportunity To Complete Discovery Genuine Disputes Of Material Fact Exist On The Current Record Which Prevent Summary Judgement**

Plaintiff's allegations include claims regarding the website in 2016. See Plaintiff Affidavit ¶ 4. The website platform changed in April of 2017, see Joshua Affidavit ¶ 7, making those unspecified violations moot. Additionally, the website changes on almost a daily basis. Therefore, the barriers Plaintiff alleges were in place may have been cured in the normal course of business. Plaintiff must provide more specific details about the parts of the website he found to be inaccessible. He also must specify when these alleged barriers were encountered. There is also a question of fact regarding his choice of screen reader program and its interaction with the GNC website.

GNC also disputes Plaintiff's Statement that it has made no effort to make the website accessible. Much of www.GNC.com contains alternative text for graphics, the background and foreground content has high contrast, and most form controls have text labels, and other details that render www.GNC.com accessible. See Affidavit of Joshua Smith, ¶ 9. GNC disputes Plaintiff's Statement that the "terms and conditions are silent on the issue" because Plaintiff fails to define what "issue" it is referring to. If Defendant is to assume that Plaintiff is referring to GNC's efforts to make the website accessible, GNC "terms and conditions" provides "Additional Assistance. If you do not understand any of the foregoing Terms and Conditions or if you have any questions or comments, we invite you to contact us at GNC, Marketing Department - 14th Floor, 300 Sixth Avenue, Pittsburgh, PA 15222, Attn: Privacy Manager or e-mail us at privacyconcerns@gnc.com. Alternatively, you may call us toll-free at 1-877-GNC-4700." See Defendant's Response to Plaintiff's First Set of Interrogatories No. 3 which provided a link to the terms and conditions:

http://web.archive.org/web/20120804015949/http:/www.gnc.com/helpdesk/index.jsp?display=safety&subdisplay=terms

GNC additionally, disputes that it has no polices concerning "accessibility." GNC launched a new website platform in April, 2017 and has a policy that attempts to ensure that alternative text for graphics is available, that background and foreground content has high contrast, and that form controls have text labels. See Affidavit of Joshua Smith, ¶ 7, 8.

Finally, Plaintiff in his motion asks the court to not only find that there was a violation of the ADA but to order GNC to comply with the WCAG 2.0 Guidelines and conform its website to meet those Guidelines. However, Plaintiffs Statement of Material Facts and Plaintiff's Affidavit provide **NO** support that compliance with the WCAG 2.0 would cure the alleged ADA violations. Plaintiff has also presented no evidence to establish that compliance with the WCAG 2.0 would not be unduly burdensome on Defendant.

## CONCLUSION

It is respectfully requested that the Court deny Plaintiff's Motion for Summary Judgment. Alternatively, pursuant to Federal Rule of Civil Procedure 56(d) Defendant moves for an abatement or stay of Plaintiff's Motion For Summary Judgment until such time as it can perform adequate discovery.

## CERTIFICATE OF SERVICE

I hereby certify that on 2nd day of February, 2018, I electronically filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:     **s/ Paul R. Berg**
FL Bar # 901172
VOCELLE & BERG, LLP
3333 20th Street
Vero Beach, FL 32960
Telephone:    (772) 562-8111
Facsimile:     (772) 562-2870
Email: PBerg@vocelleberg.com
         Courtdocs@vocelleberg.com
         JGraney@vocelleberg.com