IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ANDRES GOMEZ, on his own and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>GENERAL NUTRITION CORPORATION,<br><br>Defendant. | Case No. 1:17-cv-22747-MGC |

## RULE 56(d) DECLARATION OF PAUL BERG

Paul R. Berg, being duly sworn, hereby deposes and says:

1) I am a member of the bar of the State of Florida and have been admitted to practice in the United States District Court, Southern District of Florida.

2) I am a partner in the law firm Vocelle & Berg, L.L.P. attorneys for the Defendant, General Nutrition Corporation (GNC) in this action.

3) I have personal knowledge of the facts stated herein and with the proceedings in this case.

4) I respectfully submit this Declaration in support of GNC's opposition to Plaintiff's Motion for Summary Judgment. Absent denying the motion, GNC respectfully requests the Court defer consideration of the motion or grant a stay.

5) The Plaintiff makes this Declaration without waiving the right to oppose Plaintiff's motion on any grounds including, without limitation, its argument that the evidence and documents already obtained raise genuine triable issues of material fact sufficient to defeat Plaintiff's motion or that the Plaintiff fails as a matter of law to carry his initial, threshold burden

for purposes of summary judgment under Fed. R. Civ P. 56 based on the numerous procedural and substantive deficiencies in his motion.

6) GNC requests additional discovery pursuant to Rule 56(d) about the arguments and the allegations of fact upon which such arguments are premised and that Plaintiff has advanced as grounds for summary judgment regarding the following issues:

- Whether Plaintiff, Gomez is a legally blind person.
- Whether the Plaintiff is a member of a protected class of individuals under the ADA.
- Whether Plaintiff requires a screen reading software programs to read website content using a computer.
- Whether the alleged access barriers on GNC's website have deterred Plaintiff from visiting GNC's brick and mortar retail locations.
- What specific screen reading software Plaintiff used to navigate internet content and specifically GNC's website.
- What specific portions of the GNC website Plaintiff was unable to access.
- Whether Plaintiff cannot effectively or meaningfully navigate websites on a computer without installing and using a screen reading software program.
- Whether JAWS provides the only method by which Plaintiff may independently accesses the internet.
- What specific inputs Plaintiff utilized in an attempt to adjust the website into a format that is compatible with a screen reader or the ability to change the size or type of font.
- What changes to the website, if any, are required to make it accessible or to provide reasonable accommodation.
- Whether WCAG 2.0 Guidelines have any application under the facts of this case.
- Whether the Plaintiff is typical of members of the alleged class.
- Whether the Plaintiff's claims are typical of those of the claims of the class members.
- Whether the Plaintiff will fairly and adequately represent and protect the interest of the class members.
- Whether Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation.
- Whether Plaintiff has interests antagonistic to the members of the class.

- Whether questions of fact are common to class members and predominant over questions affecting Plaintiff or individual class members.

The requested evidence will assist the Defendant in its ability to establish triable issues of fact. In order to determine and discover admissible evidence, GNC requests the following discovery:

- Documents concerning Plaintiff's alleged medical disability
- Documents concerning Plaintiff's computer system
- Documents concerning Plaintiff' screen reading software
- Documents concerning Plaintiff's purchase of products from GNC
- Documents concerning Plaintiff's role as the class representative in other lawsuits
- Documents concerning Plaintiff's retention of Class Counsel
- A deposition of Plaintiff, Gomez to inquire about the facts contained in his affidavit in support of his Motion for Summary Judgment dated January 5, 2018; and inquire about the discovery topics outlined above.

7) The Defendant requests the deposition of Plaintiff, Gomez in order to confirm information contained in the documents produced in support of Plaintiff's Motion for Summary Judgment and to discover information responsive to the topics identified in the Plaintiff's Statement of Material Fact in Support of Plaintiff's Motion for Summary Judgment.

### Efforts by Defendant to Obtain Discovery and Why Plaintiff's Premature Motion Denies Defendant Necessary Discovery

8) The Defendant, GNC, filed its Answer and Affirmative Defenses to the Complaint on August 30, 2017. A Joint Scheduling Report was filed with the Court on October 9, 2017. GNC served its initial disclosures on October 17, 2017 with Plaintiff serving his initial disclosures on October 18, 2017. GNC and Plaintiff had previously discussed settlement and setting an early mediation. A Notice of Selection of Mediator was filed on October 18, 2017.

9) This Court entered an order setting pre-trial deadlines on October 23, 2017. Pursuant to that Order, the completion of discovery deadline does not occur until May 21, 2018. As a result, of the May deadline, the Parties agreed to attempt settlement early in the case and appeared for mediation on November 30, 2017. That mediation resulted in an impasse between the parties. Given that attorney's fees are an element of damages which Plaintiff seeks and can be an impediment to settlement, GNC did not engage in discovery prior to mediation.

10) GNC did not engage in discovery between mediation on November 30, 2017 and Plaintiff's filing of its Motion for Summary Judgment on January 5, 2018 due to the undersigned's case load, holiday schedule and the fact that sufficient time was available under the Court's scheduling order. GNC is preparing discovery requests and seeking dates for the deposition of the Plaintiff. GNC anticipates that discovery would be completed in advance of the discovery completion deadline of May 21, 2018. GNC's failure to serve discovery at this point has not resulted in any undue delay nor should it result in any undue prejudice to Plaintiff given the scheduling order deadlines and Plaintiff's need to apply for class certification.

11) The Plaintiff's Motion for Summary Judgment is premature under the Order Setting PreTrial Deadlines. Dispositive motions are not to be filed until 60 days after the Court's ruling on Plaintiff's Motion for Class Certification. DE16.

**FURTHER, AFFIANT SAYETH NAUGHT.**

_____
Paul R. Berg

SWORN TO and SUBSCRIBED before me this 2 day of Feb _____, 2018 by Paul R. Berg, who is √ personally known to me and who did take an oath.

_____
NOTARY PUBLIC - State of FL at Large

JOSEPHINE GRANEY
MY COMMISSION # FF 233891
EXPIRES: June 21, 2019
Bonded Thru Notary Public Underwriters

4