UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-cv-22747-MGC

ANDRES GOMEZ, on his own and on behalf
of all other individuals similarly situated,

    Plaintiff,

vs.

GENERAL NUTRITION CORPORATION,

    Defendant.
_____/

**PLAINTIFF'S OBJECTION TO THE DECLARATION OF PAUL BERG PURSUANT TO RULE 37(c)(1)**

[Filed concurrently with Plaintiff's Reply; Plaintiff's Objection to the Affidavit of Joshua Smith, and Declaration of Jessica Kerr]

Plaintiff, Andres Gomez, through counsel, hereby files his Objection to the Declaration of Paul Berg and in Support thereof states as follows:

1. Defendant failed to timely disclose discoverable information and documents required by Rule 26 and in response to discovery requests. Rule 26 disclosures are mandatory and must be made even in the absence of a request from the opposing party. These disclosures include the identification of witnesses and documents that may be used to support the disclosing party's' claims or defenses… *See* Fed. R. Civ. P. 26(a)(1)(A).

2. Rule 26 includes a duty to supplement disclosures or discovery responses in a timely manner if the party learns that the response is in some material respect incomplete or incorrect and the other party is unaware of the new or corrective information." *See* Fed. R. Civ. P. 26(e); *Colon-Millin v. Sears Roebuck De Puerto Rico, Inc.*, 455 F.3d 30, 37 (1st Cir. 2006). The duty to supplement discovery responses is ongoing, and failure to supplement responses adequately can result in the exclusion of the untimely disclosed information. The required Rule 26(e) supplementation "should be made at appropriate

intervals during the discovery period." *See* Fed. R. Civ. P. 26(e) advisory committee's note to 1993 amendments. It is the responsibility of the party in possession of the information to supplement its responses, whether or not the opposing party seeks additional disclosure. A "party may not free itself of the burden to fully comply" with the obligation to supplement by placing "a heretofore unrecognized duty of repeated requests for information on its adversary." *See Arthur v. Atkinson Freight Lines Corp.*, 164 F.R.D. 19, 20 (S.D.N.Y. 1995) (discussing duty to supplement under Rule 26(e)).

3. The duty to supplement applies whether the corrective information is learned by the client or the attorney and extends not only to newly discovered evidence but also to information that was not originally provided even though it was available at the time of the initial disclosure or response. *See Am. Friends of Yeshivat Ohr Yerushalayim, Inc. v. United States*, 2009 WL 1617773, at *5 (E.D.N.Y. June 9, 2009). The duty to supplement continues even after the discovery period has closed. *See, e.g., McKinney v. Connecticut*, 2011 WL 166199, at *2 (D. Conn. Jan. 19, 2011) (noting that the "fact that discovery has closed has no bearing on [the d]efendant's duty to supplement under Rule 26(e)").

4. If newly discovered evidence is offered at trial or at summary judgment, a party may seek to exclude the evidence on the grounds that the proponent had a duty to supplement its discovery responses and that its failure to do so resulted in prejudice. *See, e.g., Net 2 Press, Inc. v. 58 Dix Ave. Corp.*, 266 F. Supp. 2d 146, 161 (D. Me. 2003) ("While supplementation of interrogatory answers may be allowed under some circumstances, it should ***not*** be allowed after the filing of dispositive motions and on the eve of trial."[***Emphasis Added***.] "It makes no sense . . . to allow the plaintiff to avoid summary judgment by placing the necessary information in an affidavit submitted in opposition to the defendants' motion for summary judgment."). Id.

5. GNC's responses to Plaintiff's discovery contradict the position GNC takes in its Response in Opposition to Plaintiff's Motion for Summary Judgment; GNC failed to provide responsive documents or information which would indicate it is in compliance, or that becoming compliant would cause an undue burden.  A party is not allowed to use information or witness to supply evidence on a motion, at a hearing, or at a trial, unless

the failure to disclose was substantially justified or is harmless." Fed. R. Civ. P 37(c)(1); see also *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (affirming district court's order excluding undisclosed damages evidence); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *Ortiz-Lopez v. Sociedad Española de Auxilio Mutuo*, 248 F.3d 29, 33 (1st Cir. 2001); *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir.2001) ( "[T]he party facing sanctions for belated disclosure" has the obligation "to show that its failure to comply with the Rule was either justified or harmless and therefore deserving of some lesser sanction.").

6. Supplementation of discovery responses should not be allowed after the filing of dispositive motions..." See *Net 2 Press, Inc. v. 58 Dix Ave. Corp.*, 266 F. Supp. 2d 146, 161 (D. Me. 2003).A party should not be permitted to avoid summary judgment by placing the necessary information in an affidavit submitted in opposition to a motion for summary judgment. *Id.*

7. Rule 37(c) provides for the exclusion of later-discovered evidence not initially disclosed in the supplemental discovery responses required by Rule 26(e), as well as the initial disclosures contemplated by Rule 26(a)(1). *See Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998).

8. Plaintiff sent the proposed JSR to GNC on September 1, 2017 and the parties conferred on September 18, 2017 regarding same. (*See* Kerr. Dec. ¶ 3) Rule 26 permits discovery once the parties have met and conferred as required under same.

9. Plaintiff advised he would proceed with seeking Summary Judgment thereafter, yet GNC waited until one week after filing its Response in Opposition to Plaintiff's Motion for Summary Judgment to serve its first set of discovery to Plaintiff. (*See* Kerr Dec. ¶ 5)

10. Additionally, GNC's responses to Plaintiff's discovery contradict the position GNC takes in its Response in Opposition to Plaintiff's Motion for Summary Judgment; GNC failed to provide responsive documents or information which would indicate it is in compliance, or that becoming compliant would cause an undue burden. (*See* Kerr Dec.¶ 6)

11. Once GNC chose to provide discovery responses which did not include the claims or defenses it now attempts to raise, it opened the door for Plaintiff to seek summary judgment on his claims.

12. GNC's attempts to rely on Rule 56(d) to avoid objecting or opposing the substantive claims of Plaintiff's Motion for Summary Judgment by supplementing through affidavits and declarations in response to dispositive motions.

13. Plaintiff's prayer for relief requiring removal of the barriers to access by and through GNC's website does not require resolution of the class certification prior to a Court determining the relief requested is legally warranted.

14. Although Plaintiff is entitled to seek class certification, he is not required to do so.

Respectfully submitted this 16th day of February, 2018.

**The Advocacy Group**
Counsel for Plaintiff
200 S.E. 6th Street, Ste. 504
Fort Lauderdale, Florida 33301
Phone: (954) 282-1858
Email: service@advocacypa.com

*/s/ Jessica L. Kerr*
JESSICA L. KERR, ESQ.
Fla. Bar No. 92810

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 16, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record in this action via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Jessica L. Kerr*
JESSICA L. KERR, ESQ.
Fla. Bar No. 92810