IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ANDRES GOMEZ, on his own and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>GENERAL NUTRITION CORPORATION,<br><br>Defendant. | Case No.  1:17-cv-22747-MGC |

### DEFENDANT'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

[Filed concurrently with Defendant's Supplemental Response to

Plaintiff's Motion For Summary Judgment]

Defendant, General Nutrition Corporation  ("GNC" or "Defendant") by and through its undersigned attorneys, hereby submits its Supplemental Response to Plaintiff's Statement of Material Facts in Support of its Supplemental Response in Opposition to Plaintiff's Motion For Summary Judgement and states as follows:

1. Undisputed.

2. Undisputed.

3. Defendant does not dispute the first or second sentence of paragraph 3. However, Defendant disputes "If websites are not designed to be compatible with screen-reading software I cannot fully and independently access websites and information, products and services contained thereon."

Plaintiff believes that a website has to work 100 percent with a screen reader program or it's not accessible. Plaintiff's Deposition p34, line 3-6.

4. Undisputed.

5. Disputed. The first time Plaintiff visited the GNC website was in 2017. Plaintiff's Deposition p 67, line 21-22. He has only been back on the website one other time. Plaintiff's Deposition p 80, line 2-21.

6. Undisputed

7. Undisputed.

8. Disputed. Plaintiff was interested in seeing what products they had on the website. Plaintiff's Deposition p 67, line 24-25. Plaintiff went to the home page, located a product he wanted, attempted to add it to his cart, and did not do anything else. Plaintiff's Deposition p 78, line 5-12. Plaintiff chose to attempt to buy a product online as opposed to going to the brick and mortar store because it was faster and more convenient for him to do it from his house. Plaintiff's Deposition pg. 82 line 20-25. Plaintiff's notes that were created contemporaneously with his utilization of the website in no way mentions using the store locator. Plaintiff's Deposition p 69, line 4-25. This document was provided in Plaintiff's Response to a Request for Production attached hereto as Exhibit A.

9. Disputed. www.GNC.com changes on almost a daily basis therefore it is unlikely that the graphics found in June of 2017 are still there. See Affidavit of Joshua Smith, ¶ 10.

10. Disputed. www.GNC.com changes on almost a daily basis therefore it is unlikely that the promotions found in June of 2017 are still there. See Affidavit of Joshua Smith, ¶ 10

11. See response to paragraph 8.

12. See response to paragraph 8.

13. Disputed. www.GNC.com changes on almost a daily basis therefore it is unlikely that the promotions found in June of 2017 are still there. See Affidavit of Joshua Smith, ¶ 10

14. Undisputed, as none is required.

15. Disputed Plaintiff did not attempt to adjust the website in any way in terms of formatting to make it possible for him to see the items on the website. Plaintiff's Deposition p 81, line 6-10.

16. Disputed. Plaintiff went back to the website one month later but has not been back on since. Plaintiff only assumes that the website is inaccessible now but has not been back on it since summer of 2017. Plaintiff's Deposition p 80, line 2-21.

17. Disputed. Plaintiff could call GNC a number which is provided on www.gnc.com which states "ACCESSIBILITY If you are using a screen reader and are having problems using this website, please call 1-877-GNC-4700 for assistance."

18. Plaintiff has only attempted to access the website in the summer of 2017 and only assumes that he is unable to access it now. Plaintiff's Deposition p 80, line 2-21.

19. Undisputed.

20. Undisputed.

21. Disputed. See Defendants Statement of Material Facts Paragraphs 32, 38-42.

22. Disputed. See Defendants Statement of Material Facts Paragraph 31 and 37.

23. Undisputed.

24. Disputed. See Paul Dolegowski, Expert Witness Deposition, Exhibit 2 and Exhibit 3. As part of Exhibit 2 page 4 are automated accessibility tests results from AChecker and WAVE run on April 13, 2018 showing zero errors and no known problems with www.gnc.com . Exhibit 3 are automated accessibility tests results from AChecker and WAVE run on June 11, 2018 showing zero errors and no known problems with www.gnc.com.

25. Undisputed.

26. Disputed. See Defendant's Statement of Material Facts Paragraphs 32, 38-42.

27. Disputed. See Defendant's Statement of Material Facts Paragraphs 32, 38-42.

# DEFENDANT'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS SUPPLEMENTAL RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

28. Prior to ever visiting the GNC website Plaintiff had visited Defendant's brick and mortar stores and purchased items. Plaintiff Deposition pg 63 line 3-18, pg 64 line 11-14.

29. www.GNC.com, is General Nutrition Corporation's website. See Affidavit of Joshua Smith, ¶ 4.

30. GNC has a current policy and works with its employees and third party contractors to attempt to ensure that alternative text for graphics is available, that background and foreground content has high contrast, and that form controls have text labels for its content on its website www.GNC.com. See Affidavit of Joshua Smith, ¶ 8. Dolegowski Corp Deposition Pg 41, Line 8-23.

31. Much of www.GNC.com contains alternative text for graphics, the background and foreground content has high contrast, and most form controls have text labels, as well as other details that attempt to render www.GNC.com accessible.  See Affidavit of Joshua Smith, ¶ 9.

32. www.GNC.com changes on almost a daily basis. See Affidavit of Joshua Smith, ¶ 10.

33. November 2016, Defendant was subject in the Western District of Pennsylvania to a nearly identical lawsuit to this Action, also alleging that Defendant's website (www.gnc.com) was not equally accessible to blind and visually impaired consumers. See *Frazier et al v. GNC Holdings, Inc.,* 2:16-cv-01681 and *Consolidated Case Gathers et al v. New York & Company, Inc,* Civ Docket No. 2:16-01375. ("*Frazier* Action").

34. The *Frazier* Action was settled December 20, 2016. A joint stipulation of dismissal was filed on January 26, 2017 and approved by the court on January 27, 2017. See Civ Docket No. 2:16-01375.

35. As part of the Settlement agreement in the *Frazier* Action Defendant Agreed to:

13. Company shall take the following actions with regard to its Website:

> a. Company shall take commercially reasonable steps, subject to feasibility and undue expense, to improve the accessibility to blind individuals using screen readers of the U.S. portion of the Website to the extent required by the ADA. Company may use WCAG 2.0 Level AA or other applicable authorities as a reference in making such improvements to the Websites, with the further understanding that if the applicable enforcement agency adopts a standard, this paragraph will be of no further effect, and Company may take commercially reasonable steps, subject to feasibility and undue expense, to comply with such standard once such standard is in effect and following any applicable grace period(s) issued by such enforcement agency.

See Paul Dolegowski, GNC Corporate Representative, Deposition Pg 26, line 11- Pg. 27 line 5. Exhibit 4 of the Deposition.  ("Dolegowski Corp. Deposition")

36. GNC implemented a policy take commercially reasonable steps, subject to feasibility and undue expense, to improve the accessibility to blind individuals using screen readers. Dolegowski Deposition Pg 27 Line 8-18.

37. GNC measures compliance by running automated accessibility tests such as AChecker and WAVE to measure accessibility using WCAG 2.0. Dolegowski Corp Deposition Pg 37 line 5- Pg 38 line 9.

38. This is done every time a "sprint" is implemented. Which is a collection of changes that occurs to the website. Which typically occur every two weeks. Dolegowski Corp Deposition Pg 38 Lines 12-18, Pg 39 line 12-13, Pg 40 line 19-22.

39. If an error is detected when one of the automated accessibility test is done, a work ticket known as a GERA ticket is created, then during a grooming session the next morning an analysis of reasonable cost and use and feasibility associated with making the remediation is discussed. Dolegowski Corp Deposition Pg 58 line 13- 22.

5

40. Then the remediation of the identified errors is distributed amongst employees at GNC or a third party. Dolegowski Corp Deposition Pg 59 line 2-5.

41. On at least two separate occasions when automated accessibility tests were run on gnc.com the website was in compliance with WCAG 2.0. See Paul Dolegowski, Expert Witness Deposition, Exhibit 2 and Exhibit 3. As part of Exhibit 2 page 4 are automated accessibility tests results from AChecker and WAVE run on April 13, 2018 showing zero errors and no known problems with www.gnc.com . Exhibit 3 are automated accessibility tests results from AChecker and WAVE run on June 11, 2018 showing zero errors and no known problems with www.gnc.com.

Dated: July 27, 2018

By: **s/ Paul R. Berg**
FL Bar # 901172
VOCELLE & BERG, LLP
3333 20th Street
Vero Beach, FL 32960
Telephone:   (772) 562-8111
Facsimile:    (772) 562-2870
Email: PBerg@vocelleberg.com
         Courtdocs@vocelleberg.com
         JGraney@vocelleberg.com

### CERTIFICATE OF SERVICE

I hereby certify that on 27th day of July, 2018 I electronically filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: **s/ Paul R. Berg**
FL Bar # 901172
VOCELLE & BERG, LLP

                    3333 20th Street
                    Vero Beach, FL 32960
                    Telephone:   (772) 562-8111
                    Facsimile:   (772) 562-2870
                    Email: PBerg@vocelleberg.com
                            Courtdocs@vocelleberg.com
                            JGraney@vocelleberg.com